Brian S. Tretter, Esq.
FIDELITY NATIONAL LAW GROUP
105 Eisenhower Parkway, Suite 103
Roseland, NJ 07068
(973) 863-7019
Attorneys for Plaintiff/Creditor Commonwealth
Land Title Insurance Company

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK

In re:

HAROLD TISCHLER,

    *Debtor*

CHICAGO TITLE
INSURANCE COMPANY,

    *Plaintiff*

v.

HAROLD TISCHLER

    *Defendant.*

Chapter 7
Case No.: 1-15-44128 (CEC)

Adversary No.: _____

**COMPLAINT TO DETERMINE NONDISCHARGEABILITY OF DEBT PURSUANT TO 11 U.S.C. § 523**

Plaintiff Chicago Title Insurance Company ("Plaintiff" or "Chicago Title"), by its attorneys, Fidelity National Law Group, the Law Division of Fidelity National Title Group, as and for its Adversary Complaint against Debtor/defendant Harold Tischler ("Tischler" or "Debtor") respectfully states:

### The Parties

1.    At all times hereinafter mentioned, Chicago Title was and still is a title insurance company incorporated under the laws of the State of Nebraska and is authorized to conduct business and issue title insurance policies within the State of New York. Commonwealth has its principal place of business at 2533 North 117th Avenue, Omaha, Nebraska.

2. Upon information and belief, and at all times hereinafter mentioned, Tischler was and still is a natural person residing at 4316 17th Avenue, Brooklyn, New York.

3. On September 8, 2015 (the "Filing Date"), Tischler filed a voluntary Chapter 7 petition for relief with this Court.

### Jurisdiction and Venue

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1334

5. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2). To the extent this Court determines that this matter is not a core proceeding, Chicago Title consents to the entry of final judgments by this Court.

6. Venue lies in this Court pursuant to 28 U.S.C. § 1409.

7. This adversary proceeding is commenced, pursuant to 11 U.S.C. § § 523(a)(2)(A) and 523(a)(4) objecting to the discharge of the debt owed by Tischler to Plaintiff as a result of his fraud and deception in connection with obtaining a loan secured by a mortgage over real property that he knew he did not own.

### Factual Background

8. Esther Tischler ("Esther"), the sister of the Debtor, was, at all times relevant to this action the owner of a certain parcel of real property commonly known as 4316 17th Avenue, Brooklyn, New York (the "Property").

9. On May 12, 2003, Tischler's sister, Jeanette Tischler ("Jeanette") as appointed guardian ad litem of Esther in an action in the Supreme Court of the State of New York, Kings County captioned *Esther Tischler v. Fahenstock & Co. and Kenneth Gold* bearing index number 11341/2003.

10. Despite having no authority to do so because she was not Esther's guardian for any purpose other than the litigation, on or about January 3, 2004, Jeannette, purportedly acting

as the guardian of Esther, executed a deed conveying the Property to the Debtor.

11.  In addition to having no authority to convey the Property, upon information and belief, no consideration was paid by Tischler for the conveyance.

12.  On or about June 27, 2004, Tischler executed a deed conveying the Property to 4316 17 Ave. LLC, an entity solely owned by Tischler.

13.  Upon information and belief, no consideration was paid for this conveyance.

14.  On or about August 17, 2006, 4316 17 Ave., LLC conveyed the Property back to Tischler.

15.  Upon information and belief, no consideration was paid for the conveyance.

16.  Despite knowing that he was not the true owner of the Property, on or about November 22, 2006, Tischler executed a promissory note (the "Note") and obtained a loan in the amount of $650,000 from Approved Funding Corp.

17.  As security for the loan, Tischler granted Approved Funding Corp. a mortgage on the Property (the "Insured Mortgage").

18.  Had Tischler disclosed the fact that his alleged title to the Property was void because Jeanette had no authority to convey the Property to him, he never would have obtained the loan.

19.  Instead, Tischler attempted to cloak himself with the indicia of ownership by conveying and re-conveying the Property back and forth to himself and to 17 Ave. LLC for no consideration.

20.  In connection with that transaction, Approved Funding Corp. obtained a loan policy of title insurance from Plaintiff insuring, *inter alia*, that the Insured Mortgage was a valid first lien on the Property (the "Policy").

21. On or about July 31, 2007, the Debtor once again conveyed the Property to 4316 17 Ave., LLC.

22. By assignment dated June 28, 2010, Approved Funding Corp. assigned the Insured Mortgage to HSBC Bank USA, National Association, as Trustee for the Holders of Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-BAR1 Mortgage Pass-Through Certificates (the "Insured").

23. In 2011, Jerry Tischler, another sibling of the Debtor, commenced an action as the temporary guardian of Esther in the Supreme Court of the State of New York captioned *Esther Tischler v. Jeanette Tischler, et al.* under Index No. 6318/2011 (the "Litigation") seeking to void the conveyances of the Property and return title to the name of Esther and to cancel the Insured Mortgage as a lien on the Property.

24. Approved Funding and the Insured were named as defendants in the litigation.

25. The Insured submitted a claim to Plaintiff under the Policy and Plaintiff undertook the defense of the Insured in the Litigation.

26. Plaintiff incurred significant fees and expenses in defending the litigation.

27. On November 22, 2011, Justice Yvonne Lewis, of the Kings County Supreme Court, cancelled the Insured Mortgage and voided the conveyances of the Property thereby restoring title to Esther.

28. As a result, the Insured was deprived of its collateral.

29. In order to adequately resolve the Insured's claim under the Policy, Plaintiff purchased the Note for $650,000.

30. Plaintiff is now the holder of the Note and is also subrogated to the rights of the Insured.

31. Tischler is in default of his obligations under the Note because he has failed to make timely monthly payments.

## COUNT I
### Section 523(a)(2)(A)- Money Obtained By False Pretenses, False Representation, Or Actual Fraud

32. Plaintiff repeats and realleges the preceding allegations of this Complaint.

33. Jeanette had no authority to convey the Property to Tischler and Tischler knew this at the time of the conveyance and at all times relevant to this action and tried to cover it up through a series of fraudulent conveyances.

34. Tischler intentionally misrepresented his status as a bona fide owner of the Property in order to induce Approved Funding to lend him $650,000.

35. Had Tischler not misrepresented his status as an alleged owner of the Property he never would have obtained the loan.

36. Approved Funding was justified in relying on Tischler's misrepresentations because those misrepresentations and the series of fraudulent conveyances cloaked him with the indicia of ownership of the Property.

37. As a result of the foregoing, Tischler defrauded Approved Funding, the Insured, and Plaintiff.

38. Plaintiff, as the holder of the Note and as the subrogee of the Insured, has been injured as a direct result of Tischler's fraudulent actions.

39. Accordingly, the debt owed to Plaintiff is non-dischargeable pursuant to Section 523(a)(2)(A) of the Bankruptcy Code because these are debts for money obtained by false pretenses, false representations, and actual fraud.

40. Upon finding that the debt is non-dischargeable, the Court should enter a

judgment in favor of Plaintiff and against Tischler in the amount of $650,000 plus interest and costs in accordance with the terms of the Note.

## COUNT II
### Section 523(a)(4)- Embezzlement and/or Larceny

41. Chicago Title repeats and realleges the allegations of Paragraphs 1 through 30 of this Complaint.

42. Tischler conspired with Jeanette to steal the Property from Esther.

43. In furtherance of his fraudulent scheme, Tischler misrepresented his status as the alleged owner of the Property to steal $650,000 from Approved Funding and intentionally defaulting on his repayment obligations.

44. Plaintiff, as the holder of the Note and as subrogee of the Insured, has been damaged by Tischler's theft.

45. The debt owed to Chicago Title by Tischler, by virtue of the misconduct and misrepresentations, and fraud set forth above is thereby non-dischargeable pursuant to Section 523(a)(4) of the Bankruptcy Code because these are debts for money obtained by Tischler through embezzlement and/or larceny.

46. Upon finding that the debt is non-dischargeable, the Court should enter a judgment in favor of Plaintiff and against Tischler in the amount of $650,000 plus interest and costs in accordance with the terms of the Note.

WHEREFORE, Plaintiff requests that this Court

a. Enter Judgment in its favor and against the Debtor Harold Tischler in an amount to be determined at trial;

c. Determine that Tischler's debt to Chicago Title is non-dischargeable pursuant to the provisions of Section 523(a)(2)(A) and 523(a)(4) of the United States Bankruptcy Code;

  d. Order that Tischler pay the Plaintiff its attorney's fees incurred in prosecuting this action; and

  e. Grant such additional and other relief as the Court deems just and proper.

Dated: December 4, 2015

           FIDELITY NATIONAL LAW GROUP
           105 Eisenhower Parkway, Suite 103
           Roseland, NJ 07068
           (973) 863-7019, Fax (973) 535-3407
           Attorneys for Chicago Title Insurance Company

           By: _____
             Brian S. Tretter