Brian S. Tretter
FIDELITY NATIONAL LAW GROUP
105 Eisenhower Parkway, Suite 103
Roseland, NJ 07068
(973) 863-7019
Attorneys for Plaintiff/Creditor Commonwealth
Land Title Insurance Company

**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>HAROLD TISCHLER,<br><br>        *Debtor* | Chapter 7<br>Case No.: 1-15-44128 (CEC) |
| CHICAGO TITLE<br>INSURANCE COMPANY,<br><br>        *Plaintiff*<br>v.<br><br>HAROLD TISCHLER<br>        *Defendant.* | Adversary No.: 15-1194 (CEC) |

### DECLARATION OF BRIAN S. TRETTER IN SUPPORT OF MOTION

BRIAN S. TRETTER, hereby declares pursuant to 28 USC § 1746:

1. I am an attorney with Fidelity National Law Group, attorneys for Plaintiff Chicago Title Insurance Company ("Chicago TItle") in the above-captioned action and, as such I am fully familiar with the facts giving rise to this action.

2. I submit this Declaration in support of Chicago Title's motion for an Order pursuant to Rule 7055 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 7055-1 granting Chicago Title judgment by default against defendant Harold Tischler ("Debtor" or "Tischler") in the amount of $650,000 plus interest, deeming Tischler's debt to Chicago Title

non-dischargeable and for such other, further and different relief as this court deems just, equitable and proper.

## Factual and Procedural History

3. Esther Tischler ("Esther"), the sister of the Debtor, was, at all times relevant to this action the owner of a certain parcel of real property commonly known as 4316 17th Avenue, Brooklyn, New York (the "Property").

4. On May 12, 2003, Tischler's sister, Jeanette Tischler ("Jeanette") as appointed guardian ad litem of Esther in an action in the Supreme Court of the State of New York, Kings County captioned *Esther Tischler v. Fahenstock & Co. and Kenneth Gold* bearing index number 11341/2003. Annexed hereto as **Exhibit A** is a true and correct copy of the order dated May 12, 2003 appointing Jeannette Tischler as guardian *ad litem*.

5. Despite having no authority to do so because she was not Esther's guardian for any purpose other than the litigation, on or about January 13, 2004, Jeannette, purportedly acting as the guardian of Esther, executed a deed conveying the Property to the Debtor for no consideration. Annexed hereto as **Exhibit B** is a true and correct copy of the deed conveying the Property to Debtor.

6. On or about June 27, 2004, the Debtor executed a deed conveying the Property to 4316 17 Ave. LLC, an entity solely owned by the Debtor, for no consideration. Annexed hereto as **Exhibit C** is a true and correct copy of the deed conveying the Property from the Debtor to 4316 17 Ave, LLC.

7. On or about August 17, 2006, 4316 17 Ave., LLC conveyed the Property back to

the Debtor for no consderaiton. Annexed hereto as **Exhibit D** is a true and correct copy of the deed conveying the Property from 4316 17 Ave LLC back to Debtor.

8. Despite knowing that he was not the true owner of the Property, on or about November 22, 2006, Tischler executed a promissory note (the "Note") and obtained a loan in the amount of $650,000 from Approved Funding Corp. Annexed hereto as **Exhibit E** is a true and correct copy of the Note.

9. As security for the loan, Tischler granted Approved Funding Corp. a mortgage on the Property (the "Insured Mortgage"). Annexed hereto as **Exhibit F** is a true and correct copy of the Insured Mortgage.

10. Had Tischler disclosed the fact that his alleged title to the Property was void because Jeanette had no authority to convey the Property to him, he never would have obtained the loan.

11. Instead, Tischler attempted to cloak himself with the indicia of ownership by conveying and re-conveying the Property back and forth to himself and to 17 Ave. LLC for no consideration.

12. In connection with that transaction, Approved Funding Corp. obtained a loan policy of title insurance from Plaintiff insuring, *inter alia*, that the Insured Mortgage was a valid first lien on the Property (the "Policy"). Annexed hereto as **Exhibit G** is a true and correct copy of the Policy.

13. By assignment dated June 28, 2010, Approved Funding Corp. assigned the Insured Mortgage to HSBC Bank USA, National Association, as Trustee for the Holders of

Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-BAR1 Mortgage Pass-Through Certificates (the "Insured"). Annexed hereto as **Exhibit H** is a true and correct copy of the assignment of the Insured Mortgage.

14. In 2011, Jerry Tischler, another sibling of the Debtor, commenced an action as the temporary guardian of Esther in the Supreme Court of the State of New York captioned *Esther Tischler v. Jeanette Tischler, et al.* under Index No. 6318/2011 (the "Litigation") seeking to void the conveyances of the Property and return title to the name of Esther and to cancel the Insured Mortgage as a lien on the Property. Annexed hereto as **Exhibit I** is a true and correct copy of the complaint filed in the Litigation. The Litigatio was lawter consolidated with several related cases under index number 100133/2004.

15. Approved Funding and the Insured were named as defendants in the litigation.

16. The Insured submitted a claim to Plaintiff under the Policy and Plaintiff undertook the defense of the Insured in the Litigation.

17. On November 22, 2011, Justice Yvonne Lewis, of the Kings County Supreme Court, cancelled the Insured Mortgage and voided the conveyances of the Property thereby restoring title to Esther. Annexed hereto as **Exhibit J** is a true and correct copy of the transcript of the proceedings before Judge Yvonne Lewis. The Court's ruling cancelling the mortgage is contained on pages 36 and 37.

18. As a result, the Insured was deprived of its collateral.

19. In order to adequately resolve the Insured's claim under the Policy, Plaintiff purchased the Note for $650,000. Annexed hereto as **Exhibit K** is a true and correct copy of the

check paid by Chicago Title to HSBC.

20. Plaintiff is now the holder of the Note and is also subrogated to the rights of the Insured.

21. Tischler is in default of his obligations under the Note because he has failed to make timely monthly payments.

22. Chicago Title filed this adversary proceeding on December 4, 2015. A true and correct copy of the adversary complaint is annexed hereto as **Exhibit L**.

23. Debtor was served with adversary complaint on December 9, 2015. A true and correct copy of the affidavit of service is annexed hereto as **Exhibit M**.

24. Tischler has failed to respond to the adversary complaint or otherwise appear in this action, although he has through his attorney and various other intermediaries attempted to negotiate a settlement.

25. At the pretrial conference held on January 21, 2016, the Court noted Debtor's default.

## CONCLUSION

26. For all of the reasons set forth herein and for the reasons set forth in the accompanying memorandum of law, the instant application should be granted in all respects.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 18, 2016

_____
BRIAN S. TRETTER