**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

---

In re:

HAROLD TISCHLER,

    *Debtor*

Chapter 7
Case No.: 1-15-44128 (CEC)

---

CHICAGO TITLE
INSURANCE COMPANY,

    *Plaintiff*

v.

HAROLD TISCHLER

    *Defendant.*

Adversary No.: 15-1194 (CEC)

---

## MEMORANDUM OF LAW
## IN SUPPORT OF
## <u>MOTION FOR DEFAULT JUDGMENT</u>

Brian S. Tretter
FIDELITY NATIONAL LAW GROUP
105 Eisenhower Parkway, Suite 103
Roseland, NJ 07068
(973) 863-7019
Attorneys for Plaintiff

Plaintiff Chicago Title Insurance Company ("Chicago Title") respectfully submits this memorandum of law in support of Chicago Title's motion for an Order pursuant to Rule 7055 of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rule 7055-1 granting Chicago Title judgment by default against defendant Harold Tischler ("Debtor" or "Tischler") in the amount of $650,000 plus interest, deeming Tischler's debt to Chicago Title non-dischargeable and for such other, further and different relief as this court deems just, equitable and proper.

## FACTUAL AND PROCEDURAL BACKGROUND

The factual and procedural history of this matter are fully set forth in the accompanying Declaration of Brian S. Tretter duly executed on February 18, 2016 ("Tretter Dec.") which is incorporated herein by reference.

In sum and substance, Debtor's sister abused her appointment as a guardian *ad litem* for her incapacitated sister, Esther, to transfer title to Esther's property commonly known as 4316 17th Avenue, Brooklyn, NY )the "Property") to Debtor. Tretter Dec. at ¶ 3-5, Ex. A and B. In order to try to mask this unauthorized transfer, Debtor then engaged in a series of no consideration transactions conveying the property back and forth between himself and an entity owned and controlled by him. Tretter Dec. at ¶6-7, Ex. C and D. Debtor thereafter obtained a loan in the amount of $650,000 from Approved Funding Corp. and granted mortgage on the Property. Tretter Dec. at ¶8-11, Ex. E and F. Chicago Title issued a loan policy of title insurance to Approved Funding insuring *inter alia* that the mortgage was a valid first lien on the Property. Had Debtor disclosed that the conveyance of the Property to him was unauthorized, he never would have obtained the loan. Debtor's siblings discovered the fraud and filed an action seeking to void the conveyance to Debtor and also cancel the insured mortgage. Tretter Dec. at ¶14-18. Ultimately the Supreme Court of New York, Kings County, cancelled the mortgage and returned title in the Property to Debtor's sister. Tretter Dec. Ex. J at p. 36:24:-37:12. In addition

to cancelling the mortgage the Court also noted that "the transfer of this house happened during the pendency of this case with no suggestions to the Court, by persons who were before this Court on a regular basis, with no suggestions, no discussion any place in this case about other possible reasons why one of Esther's siblings should have a right to this house makes the Court very leery of the legitimacy of the transfer." *Id.* at 36:9-16.

As a result of that decision, Chicago Title made its insured whole by purchasing the note from its insured for $650,000. Tretter Dec. at ¶19-20, Ex. K.

Debtor then filed a petition in bankruptcy seeking to discharge the debt owed to Chicago Title among others. This adversary proceeding followed.

## ARGUMENT

### CHICAGO TITLE IS ENTITLED TO DEFAULT JUDGMENT AGAINST DEBTOR

Upon the entry of default pursuant to FRCP 55(a), a party is entitled to a default judgment under FRCP 55(b)(2).[1] In deciding the motion for a default judgment, the Court must accept as true all well pleaded facts in the complaint. *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir.1992), *cert. denied*, 506 U.S. 1080, 113 S.Ct. 1049, 122 L.Ed.2d 357 (1993). "A default also effectively constitutes an admission that damages were proximately caused by the defaulting party's conduct-that is, the acts pleaded in a complaint violated the laws upon which a claim is based and caused injuries as alleged. The movant need prove only that the compensation sought relates to the damages that naturally flow from the injuries pleaded." *Lukaszuk v. Sudeen*, CV 02-5143JGMDG, 2007 WL 4699018 (E.D.N.Y. Nov. 27, 2007) (citations and quotations omitted).

---

[1] Federal Rule of Bankruptcy Procedure 7055 states that FRCP 55 applies in adversary proceedings.

Here, Plaintiff's adversary complaint seeks: (1) entry of judgment in the amount of $650,000; and (2) a determination that the debt owed by Debtor to Chicago Title is nondischargeable because Debtor obtained his loan from Approved Funding through: (a) false pretenses, false representations and actual fraud pursuant to 11 USC §523(a)(2)(A); and (b) embezzlement and larceny pursuant to 11 USC § 523(a)(4).

With respect to the judgment in the amount of $650,000, the Complaint accurately pleads that Debtor obtained a loan in the amount of $650,000 (Tretter Dec. Ex. L at ¶ 16), Debtor signed a promissory note agreeing to repay the loan (*Id.* at ¶ 16 and Ex. B), and that Chicago Title is the current holder of the Note (Tretter Dec. Ex. L at ¶ 30). Accordingly, Chicago Title is entitled to a judgment in the amount of $650,000.

Likewise, Chicago Title is entitled to a judgment declaring the debt nondischargeable under both exceptions to dischargeability referenced in the complaint:

*11 USC § 523(a)(2)(A).* To establish a viable claim for nondischargeability for false pretenses, fasle representation, or actual fraud, the plaintiff must show: (1) that the Debtor obtained money from the creditor as a result of a false representation, (2) the creditor relied on the representation, (3) the creditor's reliance was justifiable, and (4) the creditor sustained a loss as a result. *In re Moody*, 203 B.R. 771, 773 (MD Fla 1996) (*citing Field v. Mans*, 516 U.S. 59, 116 S.Ct. 437, 133 L.Ed. 351 (1995)). Here the complaint clearly establishes that: (1) Debtor obtained his loan by falsely holding himself out as the bona fide owner of the Property (Tretter Dec. Ex. L at ¶ 33-34), (2) Approved Funding relied upon this representation in making the loan to Debtor (*Id.* at ¶ 35), (3) the reliance on the representation was reasonable (*Id.* at ¶36), and (4) that Chicago Title, as subrogee of the lender has sustained a loss as a result of Debtor's

misrepresentation (*Id.* at ¶38). Accordingly, Chicago Title is entitled to a default judgment deeming Tischler's debt to be non-dischargeable pursuant to 11 USC §523(a)(2)(A).

*11 USC § 523(a)(4).* For a debt to be deemed nondischargeable because of a debtor's embezzlement, the creditor must show that the debtor "appropriated funds for his own purposes and that he did so with fraudulent intent or deceit. *In re Bevilacqua*, 53 B.R. 331, 334 (S.D.N.Y. 1985) (*citations omitted*). Here the adversary complaint clearly states that Debtor appropriated his sister's property through a fraudulent conveyance for the purpose of monetizing the equity in the Property for his own benefit. Tretter Dec. Ex. L at ¶41-46. Accordingly, Tischler's debt to Chicago Title must be deemed nondischargeable pursuant to 11 USC § 523(a)(4).

## CONCLUSION

For the foregoing reasons, this Court should grant the motion in its entirety.

Dated: Roseland, New Jersey
February 18, 2016

FIDELITY NATIONAL LAW GROUP

By: Brian S. Tretter
*Counsel for Plaintiff*
105 Eisenhower Parkway, Suite 103
Roseland, New Jersey 07068
Phone: 973-863-7019
Fax: 973-535-3407